UNITED STATES of America, Appellee,

v.

William ARIAS–CARDENAS, also known as Williams, also known as Julian Arias–Cardenas, Appellant.

No. 93–3896.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1994.

Decided Sept. 15, 1994.

Arthur R. Martinez, Minneapolis, MN, argued, for appellant.

Paul A. Murphy, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before BOWMAN and LOKEN, Circuit Judges, and STEVENS,[*] District Judge.

BOWMAN, Circuit Judge.

After a jury trial, William Arias–Cardenas was convicted of conspiracy to possess cocaine with intent to distribute and of aiding and abetting the possession of cocaine with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The District Court[1] sentenced him to two concurrent 132–month prison terms to be followed by five years of supervised release. Arias–Cardenas appeals his conviction on the grounds that the District Court erroneously denied his motion to suppress evidence obtained in a warrantless search and improperly refused to instruct the jury on the defense of coercion. We affirm.

## I.

In November 1992, an informant, Athanasios Parlionas, notified Agent Jeff Burchette of the Minnesota Bureau of Criminal Apprehension (BCA) that a former employee, Humberto Mina, who was living in New York, had contacted him and indicated that he had thirty kilograms of cocaine which he was interested in selling in Minnesota if Parlionas could locate a buyer. Trial Transcript, Vol. III, pp. 167–179. Parlionas subsequently introduced Mina to Agent Burchette posing as a potential Minnesota buyer. Thereafter, Mina began to make arrangements for delivery of the cocaine to Agent Burchette.

On February 20, 1993, Parlionas, still working as an informant for Agent Burchette, met in New York with Mina and appellant Arias–Cardenas, whom Mina identified to Parlionas as the "guy who was supposed to be making a connection for cocaine." Tr. Vol. II, p. 108. At that meeting, Arias–Cardenas instructed Parlionas to rent a house in Minneapolis with a garage so that the cocaine could be driven into the garage upon delivery. Subsequently, Parlionas advised Agent Burchette of these instructions, and Agent Burchette "rented" a home being held for forfeiture by the United States Marshal at 5732 Oliver Avenue South in Minneapolis. A key to the house was given to Parlionas who delivered the key along with a diagram of the house location to Arias–Cardenas in early March 1993. Tr. Vol. II, p. 111.

On March 10, 1993, Mina and Arias–Cardenas flew from New York to Minneapolis. The following day, Parlionas met with Agent Burchette, who gave him a telephone with instructions that the telephone be given to Mina and Arias–Cardenas, as there was no telephone at the Oliver Avenue address. Tr. Vol. II, p. 114–15; Tr. Vol. III, p. 214–15. When Parlionas met Mina at the residence, Mina told Parlionas that the cocaine would be delivered ten kilograms at a time, and that he was waiting for Arias–Cardenas's "people" to deliver the cocaine. Tr. Vol. III, p. 238–53.

On March 23, 1993, officers from the Hennepin County Sheriff's Department participated in a surveillance of the Oliver Avenue house looking for a vehicle with either New York or Illinois plates in which they believed the cocaine would be delivered. The officers observed a 1988 Lincoln Mark VII with Illinois plates VWE 308 pick up Arias–Cardenas at the intersection of Penn Avenue South and 58th Street, some four or five houses from the Oliver Avenue house. The vehicle then was driven to the Oliver Avenue address and into the garage. Tr. Vol. IV, p. 313–25.

The following day, Agent Burchette and Parlionas met with Mina and Arias–Cardenas

---

* The HONORABLE JOSEPH E. STEVENS, JR., Chief Judge, United States District Court for the Western District of Missouri, sitting by designation.

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

at the Oliver Avenue house and advised them that they were ready to go ahead with the purchase of ten kilograms of cocaine. Arias–Cardenas arranged by phone to meet the driver of the car delivering the cocaine and left the residence. Tr. Vol. III, p. 265–68. A Hennepin County Sheriff's deputy observed Arias–Cardenas again meet the 1988 Lincoln Mark VII at the intersection of Penn Avenue South and 58th Street. Arias–Cardenas entered the vehicle and it pulled away. Other officers in the area followed the Lincoln, and when it began to make evasive maneuvers they stopped the vehicle and arrested Arias–Cardenas and the driver, Gustavo Adolfo Arias. Arias–Cardenas was searched and an airline boarding pass and a list of names and phone numbers were recovered from his person. A search of the vehicle revealed ten kilograms of cocaine in a bag behind the driver's seat.

Shortly after the arrest of Arias–Cardenas, Mina was arrested at the Oliver Avenue house. Agent Burchette, who was still inside the residence, recovered two airline tickets from the kitchen counter, the telephone that he had earlier supplied to Mina and Arias–Cardenas, and some papers and carry-on bags belonging to Mina and Arias–Cardenas that were located in a bedroom of the residence.

## II.

Arias–Cardenas first challenges the District Court's denial of his motion to suppress evidence obtained as a result of the warrantless searches of the 1988 Lincoln and the Oliver Avenue house. We review the District Court's denial of Arias–Cardenas's suppression motion for clear error. *United States v. Mays,* 982 F.2d 319, 321 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 1829, 123 L.Ed.2d 457 (1993).

### A.

■ The District Court did not clearly err in denying Arias–Cardenas's motion to suppress the evidence found in the 1988 Lincoln. We believe that the court correctly accepted the conclusion of the Magistrate Judge[2] that

the search of the 1988 Lincoln was valid. The Supreme Court has held that a vehicle may be searched lawfully incident to the arrest of its occupants, and that such a search may extend to containers found inside the vehicle. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). Thus, Arias–Cardenas's assertion that the officers searching the vehicle needed to obtain a warrant is without merit.

Arias–Cardenas's assertion also lacks merit on other grounds. In *Cooper v. California,* 386 U.S. 58, 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967), the Supreme Court held that a warrant is not needed to search a vehicle if probable cause exists to seize it under a forfeiture statute. *See also United States v. Milham,* 590 F.2d 717, 720 (8th Cir.1979). Inasmuch as the 1988 Lincoln was subject to forfeiture under Minn.Stat. § 609.5311(2), the officers acted legally in conducting an inventory search of the vehicle.

Arias–Cardenas does not dispute that he was arrested while a passenger in the 1988 Lincoln, but makes much of the fact that the vehicle was searched in a convenience store parking lot a short distance from the place of arrest. We have frequently held, however, that this circumstance alone is not sufficient to invalidate an otherwise proper search. *See Leffler v. United States,* 409 F.2d 44, 48 (8th Cir.1969). Accordingly, we affirm the District Court's denial of Arias–Cardenas's motion to suppress evidence obtained from the 1988 Lincoln.

### B.

■ We also find that the District Court did not clearly err in refusing to suppress evidence obtained from the house at 5732 Oliver Avenue. Agent Burchette already was in the house, with the permission of the occupants, when Mina, one of Arias–Cardenas's co-conspirators, was arrested there. Being lawfully in the house, Agent Burchette was free to look around. Most, if not all, of the evidence seized was in plain view. In these circumstances, the warrantless search was not unlawful and there is no reason to suppress the evidence. *See United States v.*

2. The Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota.

*Hughes,* 940 F.2d 1125, 1126–27 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 267, 116 L.Ed.2d 220 (1991).

In addition, after reviewing the record, we conclude that even if the evidence seized from the Oliver Avenue residence were excluded, the balance of the evidence overwhelmingly establishes Arias–Cardenas's guilt. Any error (and we think there was none) in the admission of the evidence found in the house was harmless beyond a reasonable doubt.

### III.

Arias–Cardenas next challenges the District Court's refusal to instruct the jury on the defense of coercion. Because Arias–Cardenas failed to make timely and specific objection to the District Court's instructions at trial, *see* Fed.R.Crim.P. 30, we will reverse the District Court only on a finding of plain error. *United States v. Watson,* 953 F.2d 406, 409 (8th Cir.1992). Having carefully reviewed the record, we find no such error. Indeed, we are satisfied that the evidence at trial did not warrant an instruction on coercion.

### IV.

For the reasons stated, the judgment of the District Court is affirmed.