STATE of Missouri, Appellant,

v.

Patrick Arden LANE, Respondents.

No. 78742.

Supreme Court of Missouri,
En Banc.

Jan. 21, 1997.

Rehearing Denied Feb. 25, 1997.

Pat J. Merriman, J. Daniel Patterson, Asst. Pros. Attys., Greene County, Springfield, for Appellant.

M. Shawn Askinosie, David R. Mercer, Springfield, for Respondent.

PRICE, Judge.

Patrick Lane (Lane) was charged with the class C felony of possession of psilocybin mushrooms in violation of § 195.202, RSMo. Psilocybin is a controlled substance. § 195.017.1(4)(w) (1994), RSMo. State Trooper Jack McMullin discovered the mushrooms during a search of Lane's luggage which was found in the vehicle in which Lane was a passenger. The trial court granted Lane's motion to suppress the psilocybin evidence concluding that the evidence had been obtained in an illegal search and seizure of his bag. We find the search did not violate the Fourth Amendment of the United States Constitution and, therefore, reverse and remand.

## I.

Trooper Jack McMullin stopped the vehicle in which Patrick Lane was riding on Interstate 44 in Greene County, Missouri, for failure to signal a lane change. While checking the driver's vehicle registration and license, McMullin noted that Lane's eyes were bloodshot, a strong scent of deodorizer was emanating from the vehicle, and the driver appeared nervous. After completing the registration and driver's license check, McMullin asked the driver if the vehicle contained anything illegal such as guns or drugs. The driver denied having illegal matter in the vehicle. The driver originally rejected McMullin's request to search the vehicle. After McMullin informed the driver that the vehicle would be detained until a police dog could perform a "sniff search," the driver granted permission for the search. McMullin found two small bags of marijuana in a duffel bag and a gallon bag of marijuana in the driver's suitcase. McMullin placed the driver under arrest and asked Lane to drive the vehicle to Troop D headquarters. Lane agreed to do so.

After arriving at Troop D headquarters, McMullin resumed his search of the vehicle. He discovered the psilocybin mushrooms in a duffel bag bearing Lane's name. McMullin showed the contraband to the driver who asserted it belonged to Lane. Lane was arrested and charged with the class C felony of possessing psilocybin.

## II.

■ The State argues that Lane does not possess standing to challenge the search of the vehicle. This argument, however, is irrelevant to a determination of whether Lane has standing to make a Fourth Amendment claim under the facts of this case.

"[C]apacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded space." *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978). Lane seeks suppression of evidence Trooper McMullin discovered while searching Lane's bag. The state "concedes that respondent does possess an expectation of privacy in his personal luggage regardless of its location." Thus, Lane has standing to assert a Fourth Amendment violation and seek suppression of the evidence if it was obtained as result of an improper search.

## III.

■ Although Lane has standing to challenge the search of his duffel bag, there was no constitutional violation in the search. The United States Supreme Court recognized the "automobile exception" over 70 years ago in *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). There, it was stated that a warrant was not required if probable cause existed to search a vehicle "where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Id.* at 153, 45 S.Ct. at 285. Although later decisions in *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), created confu-

sion over when the *Carroll* exception applied to closed containers in vehicles, *California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), resolved the issue. The *Acevedo* Court held that "Carroll [provides] one rule to govern all automobile searches. The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *Id.* at 580, 111 S.Ct. at 1991. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *see also United States v. Johns,* 469 U.S. 478, 484, 105 S.Ct. 881, 885, 83 L.Ed.2d 890 (1985); *United States v. Arias–Cardenas,* 36 F.3d 36, 38 (8th Cir.1994); *United States v. Seals,* 987 F.2d 1102, 1106 (5th Cir.1993) (after dog alerted on box containing cocaine, probable cause to search extended to entire vehicle and all containers found therein); *United States v. Trotter,* 889 F.2d 153, 155 (8th Cir.1989) (sufficient probable cause to search a garment bag in the trunk created by the presence of a semi-automatic weapon below it and cocaine paraphernalia within the officer's plain view when he first stopped the vehicle).

Here, the driver initially granted permission to Trooper McMullin to search the vehicle. During the search, Trooper McMullin found a significant amount of marijuana. After that discovery, he needed no permission to search Lane's luggage. The marijuana established the necessary probable cause to search any container in the vehicle. *State v. Burkhardt,* 795 S.W.2d 399 (Mo. banc 1990).

## IV.

■ Lane asserts that, even if McMullin could have searched the vehicle and his bag at the sight of the original stop, McMullin's "release" of the vehicle to Lane, pursuant to Lane's agreement that he would drive the vehicle to the station, revoked McMullin's license to further search the vehicle upon arrival at Troop D headquarters. We disagree.

The Supreme Court addressed a similar contention in *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In that case, the defendant argued that a search of the vehicle after it had been taken to the station house violated the Fourth Amendment. *Id.* at 50–52, 90 S.Ct. at 1981. The Court observed, however, that the vehicle "could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable-cause factor still obtained at the station house and so did the mobility of the car...." *Id; see also United States v. Johns,* 469 U.S. 478, 484–85, 105 S.Ct. 881, 885–86, 83 L.Ed.2d 890 (1985) (immediate search at roadside not necessary); *Texas v. White,* 423 U.S. 67, 68, 96 S.Ct. 304, 305, 46 L.Ed.2d 209 (1975) (probable cause to search the vehicle created at the scene of the stop not annulled by delay in searching the vehicle until arrival at the police station).

Moreover, even assuming that Trooper McMullin intended to release the vehicle to Lane, probable cause to continue searching the vehicle at Troop D headquarters was not destroyed. Constitutionally sound probable ·cause is not dependent upon the subjective intentions of the officer. "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States,* — U.S. —, —, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996).

## V.

Trooper McMullin had probable cause to search the vehicle and any containers therein even after his arrival at Troop D headquarters. The psilocybin evidence was not obtained in violation of the Fourth Amendment. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.