**STATE of Missouri, Appellant,**

v.

**Roger IRVIN, Respondent.**

**No. WD 66801.**

Missouri Court of Appeals, Western District.

Nov. 7, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 2006.

Application for Transfer Denied Jan. 30, 2007.

Eric J. Poggemiller, Platte City, MO, for appellant.

David E. Rowan, Liberty, MO, for respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Roger Irvin was charged with felony possession of marijuana. Mr. Irvin moved to suppress the use of the marijuana as evidence, which the trial court granted in part. The State appeals the order suppressing the evidence.

## Factual and Procedural Background

Mr. Irvin was stopped for speeding by a Platte County deputy sheriff who detected a strong odor of alcohol emanating from the car. The deputy conducted a field sobriety test on Mr. Irvin who failed it and refused to complete the other tests. Thereafter, Mr. Irvin was arrested. Another deputy sheriff arrived on the scene and they searched the passenger compartment of the car. The search revealed a small baggie of marijuana (approximately 7.9 grams) in the pocket of a duffel bag sitting on the passenger side, and another small baggie of marijuana (approximately 3.0 grams) with rolling papers in an Altoids tin in the center console. The deputy confiscated the drugs and parked the car across the street at Mr. Irvin's request. Thereafter, the deputy removed the keys from the ignition, unlocked the trunk, and discovered a large bag of marijuana (approximately 113.2 grams). Mr. Irvin was charged with felony possession of a controlled substance, section 195.202.[1]

Before trial, Mr. Irvin sought to suppress all the evidence confiscated. At the suppression hearing, the deputy testified that he searched the trunk because there was a possibility of additional marijuana located there. The trial court suppressed the marijuana found in the trunk but not the contraband found in the passenger compartment. The trial court did not enter findings of facts or conclusions of law. The State appeals pursuant to section 547.200.1.

## Standard of Review

Our review of a trial court's ruling on a motion to suppress is limited to a determination of whether there is substantial evidence to support its decision. *State v. Wilson,* 169 S.W.3d 870, 875 (Mo.App. W.D.2005). The ruling will be reversed only if it is clearly erroneous. *Id.* The ruling is clearly erroneous if we are left

---

1. All statutory references are to RSMo. (2000) and Cumulative Supplement (2005). Mr. Irvin also was charged with driving while under the influence, section 577.010, and exceeding the posted speed limit, section 304.010; he pled guilty to those charges.

with a definite and firm belief a mistake has been made. *Id.* All facts and reasonable inferences therefrom are viewed in the light most favorable to the trial court's ruling " 'with the freedom to disregard contrary evidence and inferences.' " *Id.* "While this court gives deference to the trial court's factual findings and credibility determinations, questions of law are reviewed *de novo.* Whether the Fourth Amendment has been violated is a legal question which this court reviews de novo." *State v. Hoyt,* 75 S.W.3d 879, 882 (Mo.App. W.D.2002) (internal citation omitted).

## Legal Analysis

■ In its sole point, the State argues that the trial court erred in granting Mr. Irvin's motion to suppress the marijuana found in the trunk of his car because the search of the trunk was justifiable under the automobile exception. Mr. Irvin claims that the automobile exception does not apply because there was no probable cause to search the trunk.[2]

Under the automobile exception to the warrant requirement, officers who have probable cause that contraband is located within a vehicle can search anywhere in the vehicle where such contraband can be found. *State v. Lane,* 937 S.W.2d 721, 722 (Mo. banc 1997). Probable cause to search an automobile exists when objective facts, under the totality of the circumstances at the time of the search, would lead a reasonably prudent individual to believe that contraband was located in the automobile. *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo. banc 1990). The State claims that the marijuana located in the passenger compartment of the vehicle gave the deputy probable cause to search the trunk for drugs. Mr. Irvin claims that the marijua-

na and rolling papers did not create probable cause that additional drugs were in the trunk because the quantity indicated that Mr. Irvin was a user. The issue is whether the small quantity of marijuana in the passenger compartment would cause a reasonable person to believe that Mr. Irvin would have additional marijuana in the trunk.

Although no case on point exists, the factors establishing probable cause in *Lane* are similar. 937 S.W.2d at 722. In *Lane,* an officer obtained consent from the driver to search his vehicle. *Id.* at 721. The search of the vehicle revealed drugs in the driver's bag and suitcase. *Id.* The driver was arrested and the officer asked the passenger, Mr. Lane, to drive the car to the police station. *Id.* At the police station, the officer continued to search the car and discovered drugs in Mr. Lane's bag. *Id.* at 722. The officer arrested Mr. Lane and charged him with felony possession. *Id.* Mr. Lane filed a motion to suppress the drugs, which the trial court granted. *Id.* at 721. The Missouri Supreme Court reversed the trial court because the officer discovered marijuana during a lawful search of the vehicle, which gave him the "necessary probable cause to search any container in the vehicle." *Id.* at 722. Here, the search incidental to arrest revealed marijuana in containers located in the passenger compartment. According to *Lane,* this finding was sufficient grounds for probable cause to believe that drugs were located in other places in the vehicle.

■ Furthermore, the trial court's decision is not supported by substantial evidence. The deputy's testimony and actions indicating he searched the trunk as a

---

**2.** Mr. Irvin also argues that there were no exigent circumstances; the exigency requirement for an automobile search is generally satisfied by "the mere possibility that the vehicle can be moved." *State v. Middleton,* 995 S.W.2d 443, 458 (Mo. banc 1999).

matter of routine or because of the mere possibility of locating additional drugs does not support a finding against the existence of probable cause. An officer's subjective intentions do not contribute to the probable cause analysis. *Lane,* 937 S.W.2d at 723. Moreover, the deputy's delay in the search of the trunk does not support a finding against probable cause. A delayed search of the vehicle, even if it is in police custody, can be justified by showing the initial existence of probable cause to search the entire vehicle. *Id.* The deputy could have searched the trunk immediately after finding the drugs in the passenger compartment.[3]

In conclusion, we find no constitutional violation in the search of the trunk. Accordingly, the order sustaining the motion to suppress is reversed.

PATRICIA A. BRECKENRIDGE and JOSEPH M. ELLIS, JJ. concur.

---

3. Nothing in the record suggests that the trial court suppressed the evidence because it disbelieved the deputy sheriff's testimony. The appellate court affords deference to the trial court regarding such credibility determinations and usually affirms its ruling to suppress the evidence if supported by the record. *See State v. Wilson,* 169 S.W.3d 870, 876 (Mo. App. W.D.2005) (affirming suppression of evidence because trial court disbelieved the officer actually smelled marijuana, which was the only evidence offered to demonstrate probable cause); *State v. Milliorn,* 794 S.W.2d 181, 184 (Mo. banc 1990) (affirming suppression of evidence because trial court disbelieved the officer's ability to smell marijuana, which was the only evidence offered to demonstrate probable cause). Unlike in *Wilson* and *Milliorn,* the basis for probable cause, here, is independent of any credibility determination.