

# In the Missouri Court of Appeals
## Western District

STATE OF MISSOURI, )
           Appellant, )
v. )         WD78413
               )
CHRISTOPHER P. HUMBLE, )     FILED: November 3, 2015
          Respondent. )

## APPEAL FROM THE CIRCUIT COURT OF CALLAWAY COUNTY
### THE HONORABLE GARY M. OXENHANDLER, JUDGE

### BEFORE DIVISION TWO: MARK D. PFEIFFER, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND JAMES E. WELSH, JUDGES

Christopher Humble was charged with possession of a controlled substance following the warrantless search of the vehicle he was driving. The circuit court granted Humble's motion to suppress the evidence obtained from the trunk of the vehicle. In this interlocutory appeal pursuant to Section 547.200.1(3),[1] the State contends the court erred in suppressing the evidence because the trunk search was justified as a search incident to a lawful arrest and under the automobile exception to the warrant requirement. For reasons explained herein, we find no error and affirm the suppression order.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement, unless otherwise indicated.

**FACTUAL AND PROCEDURAL HISTORY**

On the afternoon of January 20, 2014, Trooper David Fouch of the Missouri State Highway Patrol received a call that a black Chevrolet Malibu was driving on Interstate 70 in a careless manner. Shortly thereafter, Fouch observed the vehicle, driven by Humble,[2] following another vehicle too closely. Fouch entered the highway to initiate a traffic stop. Humble immediately exited the interstate, turned south on a county road and then turned west on a state highway. Fouch activated his emergency lights and stopped the vehicle.

Upon approaching the vehicle, Fouch noticed that Humble's eyes appeared watery and that he rubbed them continuously. Humble explained that he had exited the interstate because he was tired and was looking for a place to rest. Humble complied with the Trooper's request to exit the vehicle and sit in the front passenger seat of the patrol car. Suspicious that Humble was driving while intoxicated based on his watery eyes, mumbling, and "unsteady" movement, Fouch conducted a series of field sobriety tests inside the patrol car, which Humble "successfully" completed.

Fouch asked whether Humble had taken any drugs, which Humble initially denied. Fouch asked whether a canine sniff would reveal the presence of drugs. Humble admitted that a single strip of Suboxone[3] was located in the center console of the vehicle. He further admitted that he had taken one earlier that day. Fouch

---

[2] The record indicates that Humble did not own the vehicle but had permission to use it.
[3] Suboxone is a controlled medication for the treatment of opiate dependence.

read Humble his *Miranda*[4] rights, but informed him that he was not under arrest. Fouch told Humble that he was going to search the vehicle. Humble denied Fouch permission to search the vehicle but offered to retrieve the Suboxone for him.

When another officer arrived at the scene, Fouch approached the vehicle to begin a search. Humble rolled down the patrol car's window and again told Fouch that he did not grant permission to search the car. Fouch then allowed Humble to exit the patrol car and retrieve the Suboxone from the center console. Fouch saw syringes in the console during this retrieval process.

Fouch took Humble back to the patrol car and placed him in handcuffs for officer safety. He told Humble that he was going to search the rest of the car and asked if there was anything that he needed to know about before he did so. Humble told him that syringes were located in the center console. Fouch searched the center console, finding the syringes and also found a green substance, which Humble identified as Roxicodone.[5] Humble admitted that he used the syringes to inject the Roxicodone. Fouch searched the remainder of the passenger compartment and then opened the trunk, where he found approximately eighteen pounds of marijuana. He returned to the patrol car and placed Humble under arrest.

Humble was charged with three counts of possession of a controlled substance arising from the discovery of the Suboxone, Roxicodone, and marijuana.

_____

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966).

[5] Roxicodone is an immediate-release oral formulation of oxycodone, a controlled substance.

He was also charged with possession of drug paraphernalia with the intent to use based on the syringes found in the center console. Humble filed a motion to suppress the physical evidence obtained from his vehicle, arguing that the search lacked probable cause and was not within any exception to the warrant requirement.

Following a hearing on the motion and additional briefing by the State, the court entered an order suppressing the evidence found within the trunk. The order explained:

> After due consideration, notwithstanding Defendant repeatedly indicating that no consent was given to the search of his vehicle, he did consent to the search of the passenger compartment. At the time of the search of Defendant's trunk, Defendant was secured in the Trooper's vehicle – he had no access to weapons, he couldn't destroy any evidence. The Trooper searched the trunk without consent and he had no authority to do so – he should have gotten a warrant. . . The theory of inevitable discovery is not available as no evidence was adduced that the vehicle would be impounded, that an impoundment protocol was in place and that that protocol required an inventory of any property located in the trunk. Motion to suppress granted as to items seized in trunk, only.

The State appeals the suppression order.

## STANDARD OF REVIEW

"Our review of a trial court's ruling on a motion to suppress is limited to a determination of whether there is substantial evidence to support the decision." *State v. Irvin*, 210 S.W.3d 360, 361 (Mo. App. 2006). We review the trial court's decision to grant a motion to suppress under an abuse-of-discretion standard. *State v. Selvy*, 462 S.W.3d 756, 764 (Mo. App. 2015). We will reverse the

4

ruling only if it is clearly erroneous. *Irvin*, 210 S.W.3d at 361. The trial court's ruling is clearly erroneous if we are left with a definite and firm impression that a mistake has been made. *Id.* at 361–62. We view all facts and reasonable inferences in the light most favorable to the trial court's ruling. *Id.* at 362. "If the trial court's ruling is plausible, in light of the record viewed in its entirety, we will not reverse." *Selvy*, 462 S.W.3d at 764. Despite the deference we afford the trial court's order, "[t]he ultimate issue of whether the Fourth Amendment was violated is a question of law . . . which this court reviews *de novo*." *State v. Ramires*, 152 S.W.3d 385, 391 (Mo. App. 2004).

### ANALYSIS

In its sole point on appeal, the State contends the circuit court clearly erred in suppressing the marijuana found in the trunk of the vehicle that Humble was driving. The State asserts that the search of the trunk was justified as a search incident to a lawful arrest. The State also argues that Trooper Fouch had probable cause to believe that drugs were in the vehicle and, therefore, the automobile exception to the warrant requirement justified the search of the trunk.

At a hearing on a motion to suppress, "[t]he State has the burden of showing by a preponderance of the evidence that the motion to suppress should be denied." *State v. Avent*, 432 S.W.3d 249, 252 (Mo. App. 2014) (citation omitted). "This includes both the burden of producing evidence and the risk of non-persuasion." *State v. Emmett*, 346 S.W.3d 418, 419 (Mo. App. 2011). In ruling on a motion to suppress evidence, "the trial court may believe or disbelieve

5

all or any part of the testimony presented by the State, even if uncontradicted, and the court may find that the State failed to meet its burden of proof." *Selvy*, 462 S.W.3d at 764.

The Fourth Amendment to the U.S. Constitution guarantees the right of the people to be secure from unreasonable searches and seizures. *State v. Williams*, 382 S.W.3d 232, 234 (Mo. App. 2012). "This same right is guaranteed by article I, section 15 of the Missouri Constitution." *Id.* (citation omitted). Warrantless searches and seizures are thus deemed presumptively unreasonable, "subject only to a few specifically established and well-delineated exceptions." *Id.* at 235 (citation omitted).

The State first argues that the trunk search was a valid search incident to Humble's lawful arrest. The State asserts that at the time Fouch searched the trunk, Humble had already been arrested for possessing the Suboxone and Roxicodone. The State claims that because it was reasonable to believe that further evidence relevant to possession of Suboxone and Roxicodone might be found inside the vehicle, Fouch was authorized to search the trunk. The State contends the U.S. Supreme Court expressly authorized such a search in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).

In *Gant*, the U.S. Supreme Court recognized that the purpose of allowing the warrantless search of a vehicle incident to arrest is to protect the arresting officer and prevent the arrestee from destroying evidence. *Id.* at 337–38, 129 S.Ct. 1710. The Court held that police may search a vehicle incident to a recent

6

occupant's arrest "only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 351, 129 S.Ct. 1710. Thus, a police officer who has made a lawful arrest of a vehicle occupant may, as a contemporaneous incident of that arrest, search the vehicle if the officer reasonably believes evidence of the crime of arrest will be found within the vehicle. *State v. Dickson*, 252 S.W.3d 216, 221 (Mo. App. 2008).

We note, however, that the State never argued to the circuit court that the search of the trunk was a valid search incident to arrest. The circuit court invited briefing on this issue at the conclusion of the suppression hearing, stating, "The Court particularly desires the brief to address the issue of the fact that the trooper had [Humble] secured in his vehicle and didn't procure a search warrant." In its post-hearing briefing, however, the State focused its argument solely on the automobile exception to the warrant requirement, attempting to justify the search based on probable cause. The State produced no evidence at the hearing to establish that it was reasonable for Fouch to believe that more evidence relevant to possession of Suboxone and Roxicodone would be found in the trunk. Fouch testified that after handcuffing Humble based on the Suboxone found in the center console, he returned to Humble's vehicle to "conduct a probable cause search." Thus, at the hearing the State attempted to show that the automobile exception justified further search of the vehicle. Therefore, the State failed to meets its

7

burden of producing evidence and persuading the circuit court that the search incident to arrest exception applied.

The State also attempts to justify the warrantless search of Humble's trunk under the automobile exception to the warrant requirement. Under the automobile exception, "police may search a vehicle and seize contraband found if there is probable cause to believe that the vehicle contains contraband and exigent circumstances necessitate the search." *State v. Walker*, 460 S.W.3d 81, 85 (Mo. App. 2015) (citation omitted). Exigent circumstances exist whenever an automobile is involved. *Id.* at 86. Probable cause exists when the objective facts at the time of the search would lead a reasonably prudent person to believe that the vehicle contained contraband. *Id.*

The State argues that the "facts and circumstances [surrounding the stop of Humble's vehicle] would lead a reasonably prudent person to believe that [Humble]'s *vehicle* contained contraband." (Emphasis added). The State relies on *U.S. v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), in which the U.S. Supreme Court stated that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." Thus, the State argues that because Trooper Fouch had probable cause to believe that Suboxone was in the vehicle, he had the authority to search every part of the vehicle, including the trunk.

However, the State's argument disregards the fact that the scope of a warrantless search of an automobile is defined by "the object of the search and the places in which there is probable cause to believe that it may be found." *Id.* at 824. Probable cause to search the passenger compartment of a vehicle does not automatically establish probable cause to search the trunk. As the Fifth Circuit explained in *U.S. v. Seals*, 987 F.2d 1102, 1107 n.8 (5th Cir. 1993):[6]

> The [United States] Supreme Court has made a distinction between probable cause to believe that drugs are in a particular section of the car, and probable cause to believe that drugs are generally within the car. In *Ross*, the Court stated, "probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." Whereas on the next page, the Court states, "if probable cause justifies a search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." Thus, if officers have probable cause to believe that contraband is in *only one part of the car*, then they are limited to that area. If, on the other hand, officers have probable cause to believe that contraband is located *somewhere* in the car, but they don't know exactly where, then they can search the entire vehicle.

(Emphasis added) (citations omitted).[7]

The State contends there were several factors that established probable cause to search Humble's entire vehicle, including: (1) Humble's evasive behavior; (2) Humble's admission that the center console contained Suboxone; (3) the discovery of Suboxone, syringes, and Roxicodone in the center console; and (4)

---

[6] The Missouri Supreme Court cited *Seals* favorably in *State v. Lane*, 937 S.W.2d 721, 722 (Mo. banc 1997).

[7] *See California v. Acevedo*, 500 U.S. 565, 591, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (Stevens, J., dissenting) (stating that the *Ross* decision was supported by "practical considerations that apply to searches in which the police have only *generalized* probable cause to believe that contraband is *somewhere* in a vehicle.") (emphasis added).

Humble's admission that he used the syringes to inject the Roxicodone. Based on the record, we find these factors insufficient to meet the State's burden.

At the time Trooper Fouch initially placed Humble in his patrol car, Fouch had no suspicion that drugs were in the vehicle. This is apparent from the court's questioning of Fouch during the suppression hearing:

> [Q]: So at the time you put Mr. Humble in your patrol car, was there any indication that there were drugs in the car? Any – had you seen the syringes? Had you – there was nothing there to indicate there were drugs in the car at that time --
>
> [A]: Correct.

While in the patrol car, Humble admitted that a strip of Suboxone was located in the center console of his vehicle. The State argued to the circuit court that "[a]t that point the trooper had probable cause to believe there was a controlled substance in the vehicle, and therefore, probable cause to search the vehicle." However, Fouch had probable cause to believe only that contraband was in the center console of the vehicle. Because the scope of a warrantless search is defined by the object of the search (a single strip of Suboxone) and the places in which there is probable cause to believe that it may be found (the center console), Fouch did not have authority to search anywhere else within the vehicle based on the automobile exception.[8]

---

[8] The State cites *State v. Lane*, 937 S.W.2d 721 (Mo. banc 1997) and *State v. Irvin*, 210 S.W.3d 360 (Mo. App. 2006) for the proposition that discovery of contraband in the passenger compartment of a vehicle automatically provides the necessary probable cause to search the trunk. However, in neither of those cases had the defendant directed the officer directly to the exact location within the car in which the contraband was contained before the search. Moreover, unlike

10

Although Fouch lacked probable cause to believe drugs were contained outside the center console, he placed Humble in handcuffs and told him that he was going to search the rest of the car.  He then asked Humble if there was "anything else" that he would find that he needed to know about.  Humble admitted that the center console also contained syringes.  Fouch searched the center console and found the syringes along with a small amount of Roxicodone.  Humble admitted that he used the syringes to inject the Roxicodone.  Fouch then resumed his search of the remainder of the passenger compartment and opened the trunk to find marijuana.

We find that the State failed to establish how the fact that the center console contained Suboxone and Roxicodone—which was consistent with Fouch's original suspicion that Humble was in some way driving while impaired—would lead a reasonably prudent person to believe that contraband could be found in the *trunk* of the car.  The circuit court apparently concluded that the State failed to meet its burden of persuading it that the discovery in the center console of a small amount of Roxicodone and the syringes used to inject it was indicative of more drugs in the trunk.  At most, Fouch would have had probable cause to believe that more drugs of which Humble may have been under the influence may be located in the passenger compartment to which Humble had immediate access.   However, the

here, the State in *Irvin* adduced evidence at the suppression hearing establishing that additional marijuana was likely to be found in the trunk based on its discovery in the passenger compartment. 210 S.W.3d at 361.

11

circuit court was not persuaded that the circumstances indicated a fair probability that the trunk would also contain drugs.

Viewing the evidence in the light most favorable to the ruling and disregarding all contrary inferences, the circuit court's determination that Fouch did not have probable cause to search the trunk is not clearly erroneous. "The meaning of 'probable cause' is a legal issue; its existence is a factual question, determined here by the trial court upon a presentation of the facts apparent to the trooper at the time he made the decision to search" the trunk of Humble's car. *State v. Milliorn*, 794 S.W.2d 181, 183 (Mo. banc 1990). The State failed to meet its burden of producing evidence and persuading the circuit court that an exception to the warrant requirement applied.

We are not left with a definite and firm impression that a mistake has been made. The State's point on appeal is denied.

### CONCLUSION

We affirm the circuit court's suppression order.

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

12