GARY W. LYNCH, J.
Chadwick L. Nimmo ("Defendant") appeals the trial court's judgment convicting him as a persistent drug offender on the charge of possession of a controlled substance, in violation of section 195.202, RSMo Supp. 2014 (now section 579.015). Defendant claims the trial court committed *824 error in denying his motion to suppress and in admitting certain evidence over his objection that the evidence was obtained following his unlawful seizure and the unlawful search of his vehicle. Finding no merit in Defendant's claim, we affirm.
Factual and Procedural Background
On December 30, 2015, Officer Scott Bolin with the City of Buffalo police department responded to Carl's Package Store ("Carl's") in Buffalo, after receiving a texted request from the store's employee Jessica Hamilton regarding "some suspicious activity." When he arrived, Hamilton reported that a subject had entered the store multiple times, used the restroom each time, left without purchasing anything, and repeatedly moved his vehicle and parked in different locations outside the store. Officer Bolin reviewed the store's surveillance video and recognized Defendant as someone whom Officer Bolin had stopped previously for a non-working brake light and had then learned that Defendant was on probation. The video revealed that one of the brake lights on Defendant's vehicle was still not working. In the video, Officer Bolin observed Defendant enter and leave the store twice without purchasing anything, and on one occasion, exit the bathroom "pulling his left sleeve down." Officer Bolin saw in the video that Defendant moved his vehicle to different places in the parking lot, then exited the vehicle with an object in his hand, opened the hood, and placed the object under the hood before re-entering the vehicle. When Officer Bolin was then advised that Defendant had just been seen across the street at Sonic, he left the store to make contact with Defendant.
Officer Bolin observed and then followed Defendant, who was driving northbound on Highway 65, and pulled him over north of the Highway 32 intersection "for a non-working brake light." After he informed Defendant of the reason for the stop, Defendant provided his identification and insurance card as Officer Bolin requested, and Officer Bolin returned to his vehicle and "ran" Defendant's information through the database, which revealed only that Defendant was on probation or parole. When Officer Bolin returned, he asked Defendant to exit the vehicle and move to the rear of the vehicle so he could question him. Defendant complied, and Officer Bolin proceeded to question Defendant about what he had observed on the store's surveillance video and asked Defendant if he had anything illegal in his vehicle, to which Defendant responded, "[T]here shouldn't be." Officer Bolin requested Defendant's consent to allow a search of the vehicle, which Defendant gave.
Officer Bolin began the search under the hood of the vehicle, "near the air box ... [a]bove the fender well." He retrieved a black nylon bag. When he asked Defendant what he would find inside the bag, Defendant stated, "[A] point and a spoon." The bag contained "a silver spoon with a small crystal like rock stuck to it" and a "denture [adhesive] box that had tissue with a syringe wrapped in it." Defendant identified the substance as "crystal" and methamphetamine, and admitted using it in the syringe. Upon further search of Defendant's vehicle, Officer Bolin recovered "a small purple women's style compact, with a mirror ... that had residue on it." Defendant, who had been calm, cooperative, and did not appear nervous throughout the encounter, also consented to a search of his person and allowed Officer Bolin to inspect his left arm, upon which Officer Bolin "saw a needle injection mark ... above the vein."
Officer Bolin placed Defendant under arrest, advised Defendant of his rights under *825 Miranda ,[1] and transported Defendant to the Dallas County Sheriff's Office. Defendant was subsequently charged as a prior and persistent offender with committing the class C felony of possession of a controlled substance (methamphetamine), in violation of section 195.202, RSMo Supp. 2014, "knowing of its presence and illegal nature."
Defendant moved to suppress a "metal spoon with alleged methamphetamine residue, a syringe, and a black bag." A hearing on Defendant's motion was held, wherein Officer Bolin was the only witness to testify. Related to the reason he pulled over Defendant, Officer Bolin testified that his "goal was to initially address the traffic violation and then further do the investigation of the activity at Carl's." Officer Bolin estimated that his questioning of Defendant after returning to Defendant's vehicle took "probably around five [minutes]." He further testified that "approximately 10 to 20 minutes" had passed between the time he first made contact with Defendant until he discovered the contraband, which included the time he spent checking Defendant's record and insurance information.
The trial court overruled Defendant's motion to suppress and issued written findings and conclusions, finding that "[t]here were two bases for the officer to stop defendant's car and two legal standards [that] enabled him to do so without constitutional violation. The first basis was an equipment violation stop. The second basis was an investigatory criminal activity stop." As to the latter, the trial court concluded that Officer Bolin "had reasonable suspicion that criminal activity was afoot because of his previous observations of the defendant from the video surveillance[,]" and "that the articulable suspicion of criminal activity was established before the personal encounter with the defendant." In addition, the trial court concluded that "the period of the lawful seizure of the defendant that encompassed the moment of the stop, removing the driver from the vehicle, inquiries of driver's license and insurance and the suspicious drug related investigation was not an unreasonably long seizure of the defendant and therefore not unconstitutional."
Defendant waived a jury trial. At Defendant's bench trial, statements and evidence collected as a result of the traffic stop were admitted over Defendant's continuing objection. Defendant presented no evidence. The trial court found Defendant guilty, and, thereafter, sentenced Defendant, as a persistent drug offender, to serve 12 years' imprisonment. Defendant timely appeals.
Standard of Review
In reviewing a trial court's ruling on a motion to suppress, there must be substantial evidence to support the ruling. The facts and reasonable inferences from such facts are considered favorably to the trial court's ruling and contrary evidence and inferences are disregarded.
In reviewing the trial court's overruling of a motion to suppress, this Court considers the evidence presented at both the suppression hearing and at trial to determine whether sufficient evidence exists in the record to support the trial court's ruling. Deference is given to the trial court's superior opportunity to determine the credibility of witnesses. This Court gives deference to the trial court's factual findings but reviews questions of law de novo.
State v. Norfolk , 366 S.W.3d 528, 531 (Mo. banc 2012) (internal quotation marks and citations omitted).
*826 Discussion
In a single point relied on, Defendant contends that the trial court erred in overruling Defendant's motion to suppress and in admitting the evidence challenged therein at trial, because the State's evidence was obtained as the result of an unlawful search and seizure, "in that the period of lawful seizure necessary for Officer Bolin to investigate the traffic stop ended when Officer Bolin completed the computer check and had no further reason to detain [Defendant]. Nothing occurred during the stop which would give rise to a particularized suspicion of criminal activity and Bolin was insistent in his testimony that he stopped the car only to investigate a defective taillight."
In his brief, Defendant observes, without conceding, that Officer Bolin "may have had reasonable suspicion to stop [Defendant] for his actions at [Carl's.]" Otherwise, Defendant does not address, much less factually or legally challenge, the trial court's findings and conclusions related to Officer Bolin's initiation or the length of this investigatory stop of Defendant.
Rather, in contravention of our standard of review, Defendant ignores Officer Bolin's testimony favorable to the trial court's ruling that his "goal was to initially address the traffic violation and then further do the investigation of the activity at Carl's" and exclusively focuses upon his testimony that "he stopped [Defendant] for a defective brake light." Based upon the latter testimony, as his premise, and his implied inference therefrom that this was Officer Bolin's only intended reason for the stop, Defendant argues that "[a]ny continued detention after the traffic stop was effectuated was unlawful unless new factual predicates for reasonable suspicion had been found during the period of lawful seizure."
Defendant's premise for his point is flawed for two reasons. First, it relies upon an inference that is contrary to the trial court's ruling, which we are required to disregard. Norfolk , 366 S.W.3d at 531. Second, even if that inference could be indulged, the trial court, nevertheless, was free to disbelieve this part of Officer Bolin's testimony and believe the part of his testimony favorable to the trial court's ruling that his "goal was to initially address the traffic violation and then further do the investigation of the activity at Carl's[.]" See State v. Humble , 474 S.W.3d 210, 215 (Mo. App. 2015) (in ruling on a motion to suppress evidence, trial court may believe or disbelieve all or any part of the testimony).
The trial court expressly found that "[t]here were two bases for the officer to stop defendant's car." Defendant does not challenge this finding as being not supported by substantial evidence. See Norfolk , 366 S.W.3d at 531 (ruling on motion to suppress must be supported by substantial evidence). To be successful on appeal, therefore, Defendant must demonstrate a constitutional infirmity in both the equipment violation basis and the investigatory basis for the stop or the length of the stop. This is so because either basis independently provides a constitutional foundation for Officer Bolin's stop of Defendant and his subsequent search of Defendant's vehicle and seizure of the challenged evidence. See e.g. , State v. Barks , 128 S.W.3d 513, 516 (Mo. banc 2004) (warrantless routine traffic stop based on the violation of state traffic laws is a justifiable seizure); State v. Waldrup , 331 S.W.3d 668, 673 (Mo. banc 2011) (warrantless investigatory stop based upon reasonable suspicion is a constitutional seizure). Defendant posits no argument otherwise.
As previously mentioned, supra , however, Defendant does not challenge the initiation or the length of the investigatory stop related to the information Officer Bolin *827 acquired about Defendant's actions at Carl's. In that context, "[t]he existence of reasonable suspicion is determined objectively by asking whether the facts available to the officer at the moment of the seizure warrant a person of reasonable caution in the belief that the action taken was appropriate." Id. (internal quotation marks and citations omitted, emphasis added). Reasonable suspicion "is present when a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." Id. (internal quotation marks, citation, and emphasis omitted). Defendant fails, moreover, to address or explain how his reliance (in contravention of our standard of review, as explained supra ) upon Officer Bolin's subjective intent in stopping Defendant's vehicle for an equipment violation negates or in any way impacts the objective nature of the reasonable suspicion analysis of Officer Bolin's investigatory stop of Defendant related to Defendant's actions at Carl's.[2]
Having failed to challenge the investigatory basis for the challenged searches and seizures, which independently supports the trial court's ruling not to suppress the challenged evidence, we need not address Defendant's claim that the traffic violation basis was unconstitutionally extended, as claimed in Defendant's sole point. Defendant's point is denied.
Decision
The trial court's judgment is affirmed.
DON E. BURRELL, JR., P.J. - concurs
NANCY STEFFEN RAHMEYER, J. - concurs

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Indeed, "[s]ubjective intentions play no role in ordinary ... Fourth Amendment analysis." Whren v. United States , 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).