

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,

      Plaintiff-Appellant,

v.

NICHOLAS A. BARTON,

      Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)

Consolidated Nos.
SD37421 and SD37422

**Filed:  October 25, 2022**

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Thomas D. Swindle

**<u>REVERSED AND REMANDED WITH DIRECTIONS</u>**

This appeal presents the question of whether a police officer necessarily violates the Fourth Amendment when he makes an arrest that is prohibited by state law.  Relying upon ***Virginia v. Moore***, 553 U.S. 164 (2008), we answer that question in the negative.  Pursuant to ***Moore***, the Fourth Amendment requires only that an officer's warrantless arrest be based upon probable cause.  Because the vast majority of the evidence presented at the suppression hearing in this case was focused solely upon the officer having made an arrest outside of his territorial jurisdiction in violation of state law -- and we cannot discern the circuit court's legal basis for granting the motion -- we reverse the ruling and

remand the case to allow the circuit court to determine whether the illegal arrest was supported by probable cause and rule accordingly.

**Evidence Adduced at the Motion Hearing & Procedural Background**

On January 9, 2021, Lieutenant Josh Stewart ("Lt. Stewart") of the Poplar Bluff police department went to investigate a robbery that had taken place earlier that day at The Bottle Shop, a business located within the city of Poplar Bluff in Butler County. Quon McGyan ("Mr. McGyan"), the owner of The Bottle Shop, told Lt. Stewart that two males had entered the shop, wearing hoodies and masks. One of the men approached Mr. McGyan, pointed a gun in his face, and demanded money from the register. The suspects then fled in a car that Mr. McGyan described as "a Dodge Caliber with a blue front end. The remainder of the vehicle was either dark blue or black." The Poplar Bluff Police Department posted on social media some images of the vehicle that had been captured by some undisclosed means. A resident of Campbell, a city in Dunklin County, saw the social-media post and called the Poplar Bluff police department to report that his neighbor was the owner of the car. The caller also said that the vehicle was currently located on West Monroe Street in Campbell.[1]

Lt. Stewart contacted the Campbell police department and spoke with a female officer. Lt. Stewart asked her to go to West Monroe Street and verify that the vehicle was there, and, if so, keep it under surveillance until Lt. Stewart could arrive. The female officer verified that the vehicle was still there, and she stayed with it until Lt. Stewart arrived, accompanied by three other members of the Poplar Bluff police department.

---

[1] We take judicial notice of the fact that Poplar Bluff is a Missouri city located in Butler County, and Campbell is a Missouri city located in Dunklin County. *See **Estate of Summer v. Mo. Dept. of Mental Health**,* 424 S.W.3d 506, 508 n.2 (Mo. App. S.D. 2014) ("A court may take judicial notice of the geographical location of cities in the state").

2

After he made contact with the female officer from the Campbell police department, Lt. Stewart knocked on the door of the West Monroe residence where the vehicle was located, and a female answered the door. While speaking to the female, two males arrived on the scene whose "size and build would have matched that what [sic] was in the surveillance footage[.]" One of the males was Nicholas A. Barton ("Defendant"), and he was eventually charged with committing first-degree robbery, armed criminal action, and unlawful use of a weapon. *See* sections 570.023, RSMo Supp. 2017, 571.015, RSMo Cum. Supp. 2020, and 571.030, RSMo 2016. Officers arrested Defendant based upon their belief that he had been involved in the robbery at The Bottle Shop, and they placed him inside a Campbell patrol car. Soon thereafter, Defendant confessed to taking part in the robbery.

Defendant filed an amended motion to suppress evidence ("the motion") obtained after his warrantless arrest on the ground that his Fourth Amendment rights were violated because the arresting officer was illegally acting outside of his territorial jurisdiction.

The motion sought the exclusion of "all testimony and other evidence relating to or leading from any written, oral or recorded statement obtained from [Defendant], whether incriminating or exculpatory[.]" The basis for the motion was that the Poplar Bluff police officers who effected Defendant's arrest in the Dunklin County city of Campbell "ha[d] no arrest power in Dunklin County, Missouri." Based upon that premise, Defendant claimed that his "detention was unlawful in that the location of Campbell, Dunklin County, Missouri was outside of the jurisdiction of the Poplar Bluff Missouri Police Department[,]" rendering his detention without appropriate authority

under Missouri statute and the Missouri Constitution. The motion also claimed that Defendant's arrest was made without legal justification.

The circuit court granted the motion without stating any legal basis for the ruling, and the State timely filed this interlocutory appeal.[2]

### Standard of Review & Governing Law

> "Our review of a trial court's ruling on a motion to suppress is limited to a determination of whether there is substantial evidence to support the decision." *State v. Irvin,* 210 S.W.3d 360, 361 (Mo.App.2006). We review the trial court's decision to grant a motion to suppress under an abuse-of-discretion standard. *State v. Selvy,* 462 S.W.3d 756, 764 (Mo.App.2015). We will reverse the ruling only if it is clearly erroneous. *Irvin,* 210 S.W.3d at 361. . . . We view all facts and reasonable inferences in the light most favorable to the trial court's ruling. *Id.* at 362. "If the trial court's ruling is plausible, in light of the record viewed in its entirety, we will not reverse." *Selvy,* 462 S.W.3d at 764. Despite the deference we afford the trial court's order, "[t]he ultimate issue of whether the Fourth Amendment was violated is a question of law ... which this court reviews *de novo.*" *State v. Ramires,* 152 S.W.3d 385, 391 (Mo.App.2004).

*State v. Humble*, 474 S.W.3d 210, 214 (Mo. App. W.D. 2015).

"At a hearing on a motion to suppress, '[t]he State has the burden of showing by a preponderance of the evidence that the motion to suppress should be denied.'" *Id.* at 215. "It is well[-]established as a general rule that, in the absence of statute, municipal police officers have no official power to apprehend offenders beyond the boundaries of their municipality." *State v. Baldwin*, 484 S.W.3d , 894 896 (Mo. App. W.D. 2016) (quoting *State v. Renfrow*, 224 S.W.3d 27, 31 (Mo. App. W.D. 2007)). The State does not dispute Defendant's assertion that Lt. Stewart and the Poplar Bluff police officers apprehended Defendant in Campbell, which was outside the boundary of their municipality.

---

[2] "Section 547.200.1(3) permits the State to take an interlocutory appeal from 'any order or judgment the substantive effect of which results in ... [s]uppressing evidence.'" *State v. Baldwin*, 484 S.W.3d 894, 896 n.2 (Mo. App. W.D. 2016).

4

Defendant claims that his illegal arrest violated his Fourth Amendment rights and requires the exclusion of his confession as the "fruit of the poisonous tree[.]" *See Renfrow*, 224 S.W.3d at 33. The State disagrees, relying on *Moore*, in arguing that the officer's arrest in violation of a state statute did not constitute a Fourth Amendment violation, and because Defendant's arrest was supported by probable cause, the evidence at issue should not have been excluded.[3]

In *Moore*, two Portsmouth, Virginia police officers stopped and arrested David Lee Moore for driving with a suspended license. 553 U.S. at 166. In a search incident to arrest, officers found crack cocaine on Moore's person. *Id.* at 167. Virginia law only permitted the officers to issue Moore a summons, as driving on a suspended license was not an arrestable offense in Virginia. *Id.* Moore moved to suppress the evidence of his possession of crack cocaine on the ground that the Fourth Amendment required its suppression. *Id.* at 167-68.

In analyzing that assertion, the Supreme Court found no historical precedent to support the position that the founders "understood [the Fourth Amendment] as a redundant guarantee of whatever limits on search and seizure legislatures might have enacted." *Id.* at 168. In the absence of such historical precedent, the Court went on to analyze a search and seizure in terms of traditional standards of reasonableness "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Id.* at 171. In utilizing this approach, the Court found

---

[3] The Fourth Amendment provides the same guarantees against unreasonable searches and seizures as article I, section 15 of the Missouri Constitution, and therefore "any analysis of search and seizure questions under the Fourth Amendment is identical to search and seizure questions arising under Missouri law." *Selvy*, 462 S.W.3d at 765 n.2.

5

no support for Moore's Fourth Amendment claim. In a long line of cases, we have said that when an officer has probable cause to believe a person committed even a minor crime in his presence, the balancing of private and public interests is not in doubt. The arrest is constitutionally reasonable.

***Id.***

Any additional protections that a state wishes to provide are exclusively matters of state law, and "'whether or not a search is reasonable within the meaning of the Fourth Amendment[]' . . . has never 'depend[ed] on the law of the particular State in which the search occurs.'" ***Id.*** at 172 (quoting ***California v. Greenwood***, 486 U.S. 35, 43 (1988)). The Court went on to reaffirm its prior holdings that stand for the principal that an arrest is reasonable, within Fourth Amendment standards, when an officer has probable cause to believe that the offender has committed even a minor offense. ***Id***. at 171 (citing ***Atwater v. City of Lago Vista***, 532 U.S. 318, 354 (2001)).

Because the Supreme Court of the United States held in ***Moore*** that an officer who makes an arrest on probable cause does not violate the Fourth Amendment even though the arrest is prohibited by state law, we agree that the unlawful arrest at issue here did not automatically require the circuit court to suppress the evidence that it produced.

That said, applying the holding of ***Moore*** to the facts of the case at bar still leaves the question of whether Lt. Stewart had probable cause to arrest Defendant; *i.e.* whether Defendant's warrantless arrest met the standard of reasonableness that *is* required by the Fourth Amendment. *See* ***Moore***, 553 U.S. at 173. *See also* ***State v. Tackett***, 12 S.W.3d 332, 338 (Mo. App. W.D. 2000) (an officer must have probable cause to make an arrest without a warrant).

"'Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to

6

warrant a prudent person's belief that a suspect has committed an offense.'" [*State v.*] *Clayton,* 995 S.W.2d [468,] 477 [(Mo. banc 1999)] (*quoting State v. Tokar,* 918 S.W.2d 753, 767 (Mo. *banc* 1996)). "There is no precise test for determining whether probable cause existed; rather, it is based on the particular facts and circumstances of the individual case." *Id.* "'Furthermore, probable cause is determined by the collective knowledge and the facts available to all of the officers participating in the arrest[.]'" *Id.* (*quoting State v. Mayweather,* 865 S.W.2d 672, 675 (Mo.App.1993)). "Probable cause [to arrest] does not mean absolute certainty." *State v. Closterman,* 687 S.W.2d 613, 618 (Mo.App.1985). As such, "[t]o establish probable cause [to arrest] '[m]uch less evidence than is required to establish guilt is necessary.'" *State v. Dixon,* 655 S.W.2d 547, 553 (Mo.App.1983) (*quoting State v. Dodson,* 491 S.W.2d 334, 336 (Mo. *banc* 1973)), *overruled on other grounds by State v. Carson,* 941 S.W.2d 518, 520, 523 (Mo. *banc* 1997).

*Tackett*, 12 S.W.3d at 339.

In focusing solely upon the issue of the officer's territorial jurisdiction and state-law authority to effect the arrest, the circuit court may not have considered (and did not address) whether Lt. Stewart violated the Fourth Amendment by arresting Defendant without probable cause. Because credibility determinations are critical in making that determination, we reverse the circuit court's suppression order and remand the case for further proceedings consistent with this opinion.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

7