In the Missouri Court of Appeals
 Western District

STATE OF MISSOURI, )
 Respondent, ) WD83626
v. )
 )
GARY ANDERSON, ) FILED: April 27, 2021
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF BATES COUNTY
 THE HONORABLE JULIE A. HIGHLEY-KEUTZER, JUDGE

 BEFORE DIVISION TWO: W. DOUGLAS THOMSON, PRESIDING JUDGE,
 LISA WHITE HARDWICK AND EDWARD R. ARDINI, JR., JUDGES

 Gary Anderson appeals from his conviction for animal abuse and the

imposition of a $100 fine. Anderson contends the circuit court erred by denying

his motion to suppress evidence from a search warrant that was based on

information unlawfully obtained during several warrantless searches. For reasons

explained herein, we reverse the judgment.

 FACTUAL AND PROCEDURAL HISTORY

 Anderson raises cattle on his property. On December 24, 2013, and January

10 and February 5, 2014, deputies of the Bates County Sheriff’s Department

entered Anderson’s property to investigate reports of animal abuse and neglect.

During these investigations, the deputies observed and took photographs of the
condition of Anderson’s livestock. Based on information obtained during the

three searches, deputy Matthew Wiess applied for a search warrant and signed

the accompanying affidavit. The warrant was granted and executed. Pursuant to

the warrant, Dr. David Rybolt, a veterinarian, entered Anderson’s property to

inspect his livestock. Anderson was subsequently tried on six charges of animal

abuse and one charge of resisting arrest. Anderson filed a motion to suppress

evidence obtained during the three warrantless searches. The circuit court denied

the motion based on the open fields doctrine and Deputy Wiess’s testimony that

he never entered the barn on Anderson’s property. The court dismissed three

counts of animal abuse at the close of the State’s case. The jury found Anderson

guilty on the remaining three counts of animal abuse and acquitted him of

resisting arrest.

 Anderson filed a civil lawsuit for the conversion of his cattle while in State

custody. During discovery, the State provided new documentation contradicting

the grounds upon which the search warrant and three warrantless searches were

based. Specifically, the State produced Deputy Wiess’s previously undisclosed

incident report from his December 24, 2013 visit to Anderson’s property. Therein,

Wiess stated that he had entered Anderson’s barn and that he had personally

observed the cattle’s food and water stores within. Both statements directly

contradicted Wiess’s testimony and sworn statement in the warrant affidavit.

Based on that disclosure, Anderson filed a Rule 29.12 motion to vacate his

 2
convictions for animal abuse. The circuit court granted the motion and vacated

the convictions.

 The State refiled the case, charging Anderson with three counts of animal

abuse. Anderson filed a motion to suppress the evidence obtained during the

three warrantless searches and the subsequent search based on the warrant. The

circuit court granted the motion as to the three warrantless searches and

suppressed all evidence therefrom. However, the court denied the motion with

regard to evidence obtained from the search warrant. Before trial, the court

further ruled, over Anderson’s objection, that the photographs that had been

suppressed could still be admissible if the State laid a proper evidentiary

foundation. The State presented the testimony of Dr. Rybolt, who testified that

the suppressed photographs were a fair and accurate depiction of what he had

personally observed during the execution of the warrant. On those grounds and

over Anderson’s objection, the court admitted the photographs into evidence.

The jury found Anderson guilty of one count of animal abuse (Count III), and the

trial court ordered him to pay a $100 fine. Anderson appeals.

 STANDARD OF REVIEW

 “Our review of a trial court's ruling on a motion to suppress is limited to a

determination of whether there is substantial evidence to support the

decision.” State v. Humble, 474 S.W.3d 210, 214 (Mo. App. 2015). “We review the

trial court's decision to grant a motion to suppress under an abuse-of-discretion

standard.” Id. “We will reverse the ruling only if it is clearly erroneous.” Id.

 3
“The trial court's ruling is clearly erroneous if we are left with a definite and firm

impression that a mistake has been made.” Id. “We view all facts and reasonable

inferences in the light most favorable to the trial court's ruling.” Id. “Despite the

deference we afford the trial court's order, ‘[t]he ultimate issue of whether the

Fourth Amendment was violated is a question of law . . . which this court

reviews de novo.’” Id. (quoting State v. Ramires, 152 S.W.3d 385, 391 (Mo. App.

2004)).

 ANALYSIS

 In his sole point on appeal, Anderson contends the court erred by denying

his motion to suppress evidence from the warrant-supported search because the

warrant was based on information unlawfully obtained during the three

warrantless searches. “At a hearing on a motion to suppress, ‘[t]he State has the

burden of showing by a preponderance of the evidence that the motion to

suppress should be denied.’” Humble, 474 S.W.3d at 215 (citation omitted). “This

includes both the burden of producing evidence and the risk of non-

persuasion.” Id. (citation omitted).

 The State argues that Anderson failed to preserve his contention that the

court erred by denying his motion to suppress the warrant-supported search.

“[W]hen a pretrial motion to suppress evidence is denied and the evidence is later

offered at trial, the defendant must renew the motion or make a specific objection

when the evidence is offered at trial to preserve the issue for appellate review.”

State v. Morgan, 366 S.W.3d 565, 586 (Mo. App. 2012). Therefore, to preserve the

 4
issue of admitting the testimony of Dr. Rybolt, who made his observations

pursuant to the search warrant, Anderson must have also objected at the time the

court admitted the testimony. See id. Anderson does not point to, nor do we find,

any portion of the record demonstrating that he objected to the admission of Dr.

Rybolt’s testimony at the time it was offered. Consequently, we agree with the

State that Anderson failed to preserve this issue for review.

 Pursuant to Rule 30.20, “plain errors affecting substantial rights may be

considered in the discretion of the court when the court finds that manifest

injustice or miscarriage of justice has resulted therefrom.” State v. Weyant, 598

S.W.3d 675, 678 (Mo. App. 2020).

 Plain error review is discretionary and involves two steps: first, we
 must determine whether the trial court committed evident, obvious,
 and clear error affecting the defendant’s substantial rights; second, if
 plain error is found, we then consider whether the error actually
 resulted in manifest injustice or a miscarriage of justice.

Id. In denying Anderson’s motion to suppress the warrant-supported search, the

court correctly restricted its review of the warrant’s validity to a determination of

whether the issuing judge had a substantial common-sense basis to find probable

cause. State v. Henry, 292 S.W.3d 358, 362 (Mo. App. 2009). The court also gave

a great degree of deference to the issuing judge’s determination. Id. While

ordinarily correct when considering a search warrant in isolation, the court failed

to consider how its ruling to suppress evidence of the three warrantless searches

affected the warrant application. Anderson contends that the circuit court should

have redacted from its analysis any information in the warrant affidavit that was

 5
the product of the three warrantless and illegal searches. We agree. However,

“[t]he fact that illegally obtained evidence is included in the affidavit does not

invalidate the warrant.” State v. Oliver, 293 S.W.3d 437, 443 (Mo. banc 2009).

“The ultimate inquiry is not whether the affidavit contained allegations based

upon illegally obtained evidence but whether, if setting aside all tainted

allegations, the independent and lawful information stated in the affidavit suffices

to show probable cause.” Id.

 We considered a similar situation to the case before us in State v. Brown,

382 S.W.3d 147 (Mo. App. 2012). In Brown, the State appealed the circuit court’s

grant of Brown’s motion to suppress. Id. at 155. The circuit court granted the

motion in two parts: first, it found that an unwarranted search of a home was an

illegal search; second, it found that a search warrant which was issued based on

evidence obtained during the first illegal search was invalid. Id. We reversed the

circuit court’s decision as to the validity of the search warrant on the ground that

removing the taint of the illegal search still left sufficient evidence for the issuing

court to find probable cause. Id. at 169-70. In reaching our decision, we outlined,

at length, the process that a circuit court must follow when a motion to suppress

covers both an unwarranted search and a subsequently issued warrant based on

the fruit of that search:

 If the court were evaluating only warrant-supported searches, the
 court would exclude from consideration all evidence external to the
 warrant documents. But when the court must simultaneously
 consider external evidence as it relates to any warrantless searches
 that the court finds to be improper, the court may disregard

 6
 observations in the warrant application that are tainted by the
 unlawful conduct. If the affidavit and application do not provide
 sufficient untainted information supporting probable cause to
 support the search warrant, then the evidence seized under the
 warrant must also be excluded.

Id. at 162 (internal citations omitted). We further emphasized that the circuit court

must still analyze the validity of the warrant through the eyes of the issuing judge,

but only after removing the tainted portions of the warrant from consideration. Id.

at 166-69. We concluded:

 To do otherwise would encourage improper police procedure that
 violates someone's rights, even if not the rights of the defendant in
 question. The question, then, is whether the remainder of the
 information set forth in the affidavit was sufficient, viewed in
 retrospect, to allow it to be said that there was still sufficient
 untainted and properly obtained information in the affidavit to
 support the issuance of the warrant. This issue of Fourth
 Amendment law is determined de novo.

Id. (internal citations omitted). Here, by ruling to suppress the evidence from the

three warrantless searches, the court necessarily determined that the evidence

therefrom was illegally obtained. Therefore, the court should have first redacted

the tainted information from the affidavit and then assessed the untainted

remains to determine if they contained a sufficient common-sense basis for the

issuing court to find probable cause. See id. It does not appear that any such

assessment was made in this case.

 Instead, the circuit court found that Anderson did not impeach the tainted

information in the warrant affidavit via testimonial evidence at the motion

 7
hearing. Therefore, because Anderson did not challenge the contents of the

affidavit, the court concluded that it was required to rely on the entire unredacted

warrant application without regard to the taint of the unwarranted searches

supporting it. In doing so, the court essentially ignored how its decision to

suppress evidence acquired in the three warrantless searches both evinced and

concluded that Deputy Wiess’s observations were the fruit of illegal searches. As

a result, those observations in the warrant affidavit were tainted and should have

been redacted prior to the court’s assessment of probable cause. Brown, 382

S.W.3d at 166-69.

 Information obtained during the suppressed searches fills the majority of

the supporting affidavit. If the tainted information from the affidavit had been set

aside, the issuing judge would have been left with an undated claim that a

neighbor once threw a bale of hay onto Anderson’s property, and that Anderson

built a fence around that bale of hay so his cattle could not eat it. Beyond that, the

redacted affidavit contains a summary statement that “[t]his is not the first

complaint received by law Enforcement Officer regarding Gary Anderson abusing

or neglecting his cattle.” After isolating the untainted information, we must

analyze the issuing court’s basis for finding probable cause. Id.

 [P]robable cause to search exists when, at the time the magistrate
 issues the warrant, there are reasonably trustworthy facts which,
 given the totality of the circumstances, are sufficient to lead a
 prudent person to believe that the items sought constitute fruits,
 instrumentalities, or evidence of crime and will be present at the time
 and place of the search.

 8
State v. Wilbers, 347 S.W.3d 552, 558 (Mo. App. 2011). “The duty of a reviewing

court is simply to ensure that the issuing court had a substantial basis for

determining that probable cause for the search did exist.” State v. Bryan, 529

S.W.3d 334, 339, (Mo. App. 2017).

 We find that the issuing court did not have a substantial basis to find

probable cause without the tainted information. While questionable, erecting a

fence around an uninvited bale of hay from a neighbor is not, by itself, sufficient

to support probable cause for the charged offense. Even in the light most

favorable to the verdict, the statement does not allege that Anderson’s cattle were

abused or neglected; rather, it merely states that Anderson’s neighbor threw a

bale of hay over the fence and that Anderson would not let his cattle eat that

singular bale. At best, this information permits an inference that Anderson’s

cattle appeared hungry to his neighbor and that Anderson willingly withheld the

neighbor’s food. While favorable to the verdict, this inference alone does not

form a “substantial basis” to find probable cause of animal abuse or neglect.

 What remains is the summary statement that Deputy Wiess had received

complaints about Anderson abusing or neglecting his cattle in the past. This

statement is also favorable to the verdict, but it does not provide the identity of

the informants, the number of complaints, the dates of the complaints, the

severity of the complaints, the reliability of the complaints, or even the content of

the complaints. These omissions render the blanket statement a far cry from

“reasonably trustworthy facts.” Without more, the untainted portions of the

 9
affidavit do not demonstrate a substantial, common-sense basis for the issuing

court to believe evidence of a crime would be present on Anderson’s property.

 The State concludes, without argument or explanation, that, “even if the

search warrant affidavit is stripped of the summary of the three prior warrantless

entries onto Defendant’s land, it is still a sufficient showing of probable cause in

support of the search warrant.” Unsupported and conclusory statements are

unpersuasive. See Frazier v. City of Kansas City, 467 S.W.3d 327, 346 (Mo. App.

2015). Given the clarity of the law on this issue and the near barren remains of

the untainted affidavit, which undoubtedly prohibit a finding of probable cause,

we find this error to be “evident, obvious, and clear.” The first prong of our plain

error review is satisfied.

 The second prong of plain error review requires a determination of whether

manifest injustice actually occurred. “In order to justify reversal for plain error, a

defendant must demonstrate that error in the circuit court resulted in a manifest

injustice.” State v. Renfrow, 495 S.W.3d 840, 844 (Mo. App. 2016). “[P]lain error

can serve as the basis for granting a new trial on direct appeal only if the error

was outcome determinative.” State v. Brown, 596 S.W.3d 193, 213-14 (Mo. App.

2020) (citing Deck v. State, 68 S.W.3d 418, 427 (Mo. banc 2002)).

 Anderson contends:

 At trial, the State’s case-in-chief relied only on the testimony of two
 individuals who entered the property under the authority of the
 search warrant: Deputy (sic) and Dr. David Rybolt. Dr. Rybolt
 specifically testified he did not enter the property until a search

 10
 warrant was signed. If there was no probable cause for that order,
 then Dr. Rybolt’s observations were fruit of the poisonous tree.

Anderson further argues that if Dr. Rybolt’s testimony is inadmissible, then the

foundation upon which the majority of the State’s evidence was admitted also

crumbles. We agree. Both of the State’s witnesses entered Anderson’s property

pursuant to the search warrant. Without the testimony of any witnesses, the State

would be unable to support its case-in-chief with admissible evidence.

 Anderson was found guilty of Count III, which involved the mistreatment of

a cow with an injured foot. If the warrant-based search had been suppressed, the

State would have been unable to admit any of its evidence from its case-in-chief

depicting, describing, or affirming the existence of the injured cow’s foot. The

State also would have lacked Dr. Rybolt’s testimony upon which it relied to

demonstrate that Anderson mistreated the cow and its injury. Indeed, the State

would have had virtually no evidence to submit from its own case-in-chief. In the

absence of evidence for the jury to even consider the subject of Count III—let

alone find Anderson guilty—but for the court’s error in denying the motion to

suppress, then the error was necessarily outcome determinative. Thus, we find

that the court’s error resulted in manifest injustice. The two prongs necessary for

relief under plain error review are satisfied.

 Consequently, we need not address at length Anderson’s other contention

about the suppressed photographs. Our decision to find the search warrant

invalid necessarily renders the issue of the photographs moot. Without the

 11
foundation laid by Dr. Rybolt, whose testimony should have been suppressed, the

photographs were inadmissible.

 We find that the circuit court committed plain error by denying Anderson’s

motion to suppress the search warrant and evidence obtained therefrom.

 CONCLUSION

 The judgment is reversed, and the case is remanded for disposition

consistent with this opinion.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
ALL CONCUR.

 12